# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV1292MLM |
| ) | |
| CITY OF HAZELWOOD, MISSOURI, ) | |
| TODD GREEVES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the court is the Motion for Judgment Notwithstanding the Verdict or for New Trial filed by Defendant Todd Greeves.[1] Doc. 68. Plaintiff David Wilson filed a Memorandum in Opposition. Doc. 79. This case was tried before a jury on February 11-13, 2008. The jury returned a verdict in favor of Plaintiff and awarded $7,500 in actual damages and $10,000 in punitive damages.

Defendant moves for a judgment notwithstanding the verdict or a new trial based on the following grounds: (1) the verdict in favor of Plaintiff was against the greater weight of the evidence; (2) the verdict in favor of Plaintiff was contrary to the law; (3) the trial court erred in bifurcating the trial into phases for a determination of Defendant's liability to Plaintiff for actual damages and for additional and further punitive damages; (4) the trial court erred in failing to give Defendant's proffered jury instruction on Plaintiff's claim for a civil rights violation; (5) the trial court erred in admitting evidence over Defendant's objection in the punitive damage phase of the trial that

---

[1] Several other post-trial motions are also pending before the court which motions the court will address at a later date.

Defendant had been the subject of other unrelated citizen complaints and that Defendant had been referred to counseling by his department; (6) the trial court erred in sustaining Plaintiff's objection to opinion testimony of Hazelwood Police Lieutenant McKenna; and (7) the trial court erred in failing to enter judgment as a matter of law in favor of Defendant at the close of all evidence and at the close of Plaintiff's case.

## LEGAL STANDARDS

**A.     New Trial:**

Rule 59 of the Federal Rules of Civil Procedure "confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict." Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996). "The authority to grant a new trial ... is confided almost exclusively to the exercise of discretion on the part of the trial court." Sanford v. Crittendon Mem. Hosp., 141 F.3d 882, 884 (8th Cir. 1998).

The standard upon which this court must consider a motion for a new trial differs from that which the court applies to a motion for a judgment as a matter of law. A motion for a new trial should only be granted if "the jury's verdict is "against the great weight of the evidence so as to constitute a miscarriage of justice." Denesha v. Farmer's Ins. Exchange, 161 F.3d 491, 497 (8th Cir. 1998) (citations omitted). "In determining whether a verdict is against the weight of the evidence, the trial court can rely on its own reading of the evidence -- it can 'weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict.'" Harris v. Sec'y U.S. Dept. of the Army, 119 F.3d 1313, 1318 (8th Cir. 1997) (quoting White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992)). The district court, however, may not "reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because

2

judges feel that other results are more reasonable." Id.

**B.     Judgement Notwithstanding the Verdict:**

Rule 50 (a)(2) of the Federal Rules of Civil Procedure provides that"[a] motion for judgment as a matter of law may be made at any time before the case is submitted to the jury." Rule 50(b) provides that "[w]ithin 10 days after the entry of judgment ... the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59."[2] A motion for judgment notwithstanding the verdict, therefore, "is in essence a renewal of a motion for [judgment as a matter of law] made at the close of the evidence." Lowe v. Conlee, 742 F.2d 1140, 1141 (8th Cir. 1984) (citing Johnson v. Rogers, 621 F.2d 300, 305 (8th Cir.1980)). "Consequently, a party cannot assert a ground in a motion for judgment notwithstanding the verdict that was not previously asserted in the party's motion for [judgment as a matter of law]." Id. (citing Johnson, 621 F.2d at 305)).

The Eight Circuit has set forth the test for a judgment notwithstanding the verdict as follows:

> Both the trial court and this court must (1) consider the evidence in the light most favorable to the prevailing party; (2) assume all evidentiary conflicts are resolved in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; (4) give the prevailing party the benefit of all favorable inferences which may reasonably be drawn from the facts proved; and (5) deny the motion if reasonable minds could differ as to the conclusion to be drawn from the evidence. See 278 F.2d at 596. "Circumstantial as well as direct evidence ... is relevant to a determination of sufficiency" of evidence to support a jury verdict, and "(a) verdict may be directed or a jury verdict overturned 'only where the evidence points all one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party." Zoll v. Eastern Allamakee Community School District, 588 F.2d 246, 250 (8th Cir. 1978).

Coleman v. Burlington N., Inc., 681 F.2d 542, 545 (8th Cir. 1982) (citing Hanson v. Ford Motor Co.,

---

[2]     In 1991 Rule 50 was amended to change the terminology of "directed verdict" to "judgment as a matter of law." See Advisory Committee Notes to the 1991 Amendments.

3

278 F.2d 586 (8th Cir. 1960)).

## BACKGROUND[3]

Defendant was employed by the City of Hazelwood as a public safety officer and Plaintiff was employed by the Robertson Fire Protection District. On May 12, 2004, both Defendant and Plaintiff responded to a two-vehicle auto accident at Interstate 270 and McDonnell Boulevard with Defendant arriving at the scene prior to Plaintiff. When Plaintiff arrived on the scene he exited the fire engine in which he arrived and which was parked in lane two of Interstate 270 and proceeded to one of the vehicles involved in the accident.[4] Defendant approached the fire engine and instructed Engineer Zeier to move the fire engine to lane one. Pursuant to Plaintiff's instruction, Engineer Zeier disregarded Defendant's instruction to move the fire engine. Defendant then arrested Plaintiff. At trial the jury viewed a video depicting, without sound, these events numerous times. Defendant testified that he arrested Plaintiff for failing to obey the direction of a police official and for illegal parking/stopping pursuant to the City of Hazelwood's municipal code.

This court previously held, in relevant part, pursuant to a Motion for Summary Judgment, that to the extent that relevant State statutes and City ordinances were in conflict, State statutes are controlling in this matter; that Plaintiff and his crew were entitled to park their fire engine irrespective of the traffic laws and/or City ordinances; that probable cause did not exist to arrest Plaintiff for refusing to move the fire engine and/or to direct his crew to do so; that there was a seizure within the meaning of the Fourth Amendment; that at the relevant time Defendant knew that State statutes

---

[3] The above described background is undisputed.

[4] For purposes of this lawsuit, the parties have described the two exit lanes as "lane one" and "lane two" and the four through northeast bound lanes of Interstate 270 as "lanes one through four," counting right to left.

prevailed over City ordinances and that State statutes provide authority for a firefighter to park irrespective of other statutory provisions; that reasonable minds could differ as to whether or not Defendant's conduct was objectively unreasonable or that Defendant should have known his conduct violated a clearly established constitutional right; and that Defendant was entitled to qualified immunity on Plaintiff's civil rights claim if Defendant's conduct was objectively reasonable or if Defendant should not have known that his conduct violated clearly established constitutional rights. Doc. 30.

In regard to Plaintiff's State battery claim the court held that Defendant was entitled to official immunity unless he acted with bad faith or with malice and that there was a genuine issue of material fact in this regard. Doc. 30.

The issues submitted to the jury were: (a) Plaintiff's civil rights claim pursuant to which the jury was instructed to find in favor of Plaintiff if they found that the greater weight of the evidence established that Defendant's seizure of Plaintiff was unreasonable; (b) Plaintiff's state law false imprisonment claim pursuant to which the jury was instructed to find in favor of Plaintiff if it found that Defendant intentionally restrained Plaintiff against his will and that Defendant acted with bad faith and malice; and (c) Plaintiff's state law battery claim pursuant to which the jury was instructed to find in favor of Plaintiff if it found that Defendant intentionally touched Plaintiff, that Defendant thereby caused Plaintiff bodily harm, that defendant thereby caused a contact with Plaintiff which was offensive to Plaintiff, that such conduct would be offensive to a reasonable person, and that Defendant acted with bad faith and malice. Doc. 65. As stated above, the jury found favor of Plaintiff and awarded him $7,500 in actual damages for the above stated claims. After the jury returned this verdict the parties presented additional evidence. The jury then found that Plaintiff was entitled to

5

punitive damages in the amount of $10,000.

## DISCUSSION

Defendant's Point #1 - The verdict in favor of Plaintiff was against the greater weight of the evidence:

In the matter under consideration the jury was required to determine how much to compensate Plaintiff for injuries not easily calculable in economic terms. Such an award is highly subjective and the assessment of damages is within the sound discretion of the jury. See Jenkins v. McLean Hotels, Inc., 859 F.2d 598, 600 (8th Cir. 1988) (quoting Stafford Neurological Medicine, Inc., 811 F.2d 470, 475 (8th Cir. 1987)). As stated above, when determining whether a verdict is against the weight of the evidence, the trial court cannot reweigh the evidence or set aside a jury's verdict merely because the court thinks that another result is more reasonable. Harris, 119 F.3d at 1384. This reasoning is applicable to the jury's consideration of both actual and punitive damages.

The factual finding made by this court prior to trial are stated above. Significantly, the jury had the opportunity to view on the video the actions of the parties as they transpired and to hear their testimony and that of others who were present. As such, viewing the evidence in the light most favorable to Plaintiff, assuming all evidentiary conflicts to be resolved in favor of Plaintiff, and giving Plaintiff the benefit of all favorable inferences which may reasonably be drawn from the facts proved, the court finds that reasonable minds could find in favor of Plaintiff. See Coleman, 681 F.2d at 545. The court also finds that the jury's verdict was not against the greater weight of the evidence so as to constitute a miscarriage of justice. See Denesha, 161 F.3d at 497. As such, the court finds that, to the extent Defendant's Motion for Judgment Notwithstanding the Verdict or For New Trial contends that the verdict was against the greater weight of the evidence, it should be denied.

Defendant's Point #2 - The Verdict in Favor of Plaintiff was Contrary to the Law:

Defendant contends that as a police officer he had both a legal right and a duty to enforce traffic regulations and to arrest Plaintiff because he disobeyed Defendant's lawful orders in enforcement of the traffic regulations. As found previously by this court, State statutes trump ordinances upon which Defendant relies in asserting that his arrest of Plaintiff was lawful; State statute permitted Plaintiff to park the fire engine where he did; and Defendant knew that State statutes trumped ordinances. The court finds that, to the extent Defendant's Motion for Judgment Notwithstanding the Verdict or For New Trial contends that the verdict was contrary to the law, it should be denied. Doc. 65, Instrs. No. 6-9.

<u>Defendant's Points #3 and #5 - The Trial Court Erred in Bifurcating the Trial and in Admitting Evidence of Prior Citizen Complaints and that Defendant had been Referred to Counseling</u>:

The instruction given to the jury in regard to punitive damages was new Eighth Circuit Model Civil Jury Instruction 4.50C which instruction required the jury to find that Defendant's conduct was malicious or recklessly indifferent to Plaintiff's constitutional rights or to find that Defendant's conduct was either outrageous or reckless as to the State law claims.[5] The verdict form reflects that based on this instruction the jury found that punitive damages should be awarded to Plaintiff.

As explained above, the court bifurcated the trial; in the first phase the jury considered actual damages and whether punitive damages should be awarded. In the second phase, after the jury found that Plaintiff was entitled to actual damages and punitive damages, the court permitted Plaintiff to present additional evidence relevant to the amount of punitive damages including evidence of prior citizen complaints against Defendant and of his being referred to counseling. Prior to trial Defendant filed a motion in limine in which he requested the court prohibit references to complaints lodged

---

[5] This instruction comports with <u>Philip Morris USA v. Williams</u>, __ U.S. __, 127 S.Ct. 1057 (2007); <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. 408 (2003).

7

against Defendant by persons other than Plaintiff and references to Defendant's being referred to counseling. Doc. 50. Defendant contended that such evidence was not relevant and that it was prejudicial and extrinsic. The court granted this motion to the extent it applied to actual damages and permitted the evidence which was the subject of the motion in limine to be introduced only in the second phase of the trial.

As stated above, the punitive damage instruction submitted to the jury was new Eighth Circuit Model Civil Jury Instruction 4.50C. See Doc. 65, Instr. No. 11. Consistent with Instruction 4.50C, described in part above, the jury was instructed that if it found that punitive damages were warranted it should consider when determining the amount of damages, among other things, how reprehensible Defendant's conduct was, including "whether others were harmed by the same conduct of the defendant that harmed the plaintiff," "whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed plaintiff," and what amount of punitive damages was needed "to deter the defendant and others from similar wrongful conduct in the future." The bifurcation of the trial precluded the jury's hearing evidence which could have been prejudicial in the first phase and facilitated its hearing evidence in the second phase which was relevant to the jury's consideration of the amount of punitive damages.

Additionally, a trial court has wide discretion in regard to the admission of evidence. Dillon v. Nissan Motor Co., Ltd., 986 F.2d 263, 270 (8th Cir. 1993). The trial court's role is to balance the probative value of evidence with any prejudicial effect. Id. The court finds that the admission of evidence during the second phase of the trial of complaints against Defendant and of his being referred to counseling was relevant to the jury's determination of the amount of punitive damages and that any prejudicial value which this evidence had was outweighed by its probative value. As such,

8

the court finds Defendant's Motion Judgment Notwithstanding a Verdict or for New Trial based on the bifurcation of the trial and/or based on the admission of evidence citizen complaints and Defendant's referral to counseling during the second phase of the trial should be denied.

Defendant's Point #4 - The Court Erred in Failing to give Defendant's Proffered Jury Instruction on Plaintiff's Claim for a Civil Rights Violation:

In a Motion for Summary Judgment Defendant contended that he was entitled to qualified immunity in regard to Plaintiff's allegation, pursuant to 42 U.S.C. § 1983, that Defendant violated Plaintiff's constitutional rights by arresting him and placing him in the back seat of Defendant's police vehicle. In its Memorandum Opinion of October 22, 2007, addressing Defendant's Motion for Summary Judgment, the court set forth the elements of such a constitutional violation which the court need not reiterate here. The court also considered the elements relevant to determining whether Defendant was entitled to qualified immunity. These elements include whether Plaintiff's constitutional rights were violated, whether those rights were clearly established, and whether a reasonable officer in Defendant's position would have known his actions violated Plaintiff's constitutional rights. Further, the court considered the applicable Missouri statutes including those addressing the relevant duties, powers, and authority of police officers and of officers of the fire department. The court concluded that as a matter of law the undisputed facts established the first two elements of qualified immunity including that Plaintiff's constitutional rights were violated and that these rights were clearly established. The court further found that there was a material issue of fact regarding the third element of qualified immunity. As such, the court found that it was for a jury to determine whether Defendant seized and arrested Plaintiff under the mistaken belief that he had probable cause to do so - provided that this mistake was objectively reasonable.

Pursuant to the court's Memorandum Opinion of October 22, 2007, and Eighth Circuit Model Jury Instruction 4.10, the court instructed the jury, in regard to the alleged civil rights violation, that the Constitution provides that it is "the right of the people to be secure in their persons against unreasonable searches and seizures." The court further instructed the jury that it should determine whether Defendant's seizure of Plaintiff was unreasonable and that the verdict must be for Defendant if this was not proved by the greater weight of the evidence. Doc. 65, Instr. No. 6 and No. 7.

Under federal law a trial court has considerable discretion in formulating jury instructions. See Horstmyer v. Black & Decker, U.S. Inc., 151 F.3d 765, 771 (8th Cir. 1998); Cross v. Cleaver, 142 F.3d 1059, 1067 (8th Cir. 1998). The standard is simply whether the instructions, taken as a whole and viewed in light of the evidence and applicable law, "fairly and adequately state[ed] the law" and "submit[ted] issues to the jury." Id. (quoting Stockmen's Livestock Mkt., Inc., 135 F.3d at 1245-46 and Dupre v. Fru-Con Eng'g, Inc., 112 F.3d 329, 335 (8th Cir.1997)). See also LaRo Corp. v. Big D Oil Co., 824 F.2d 689, 690 (8th Cir.1987) ("[W]e find that the instructions as a whole state the governing law fairly and correctly as applied to the evidence presented."). Furthermore, "[w]here the charge to the jury correctly sets forth the law, a lack of perfect clarity will not render the charge erroneous." Horstmyer, 151 F.3d at 771 (quoting Roth v. Black & Decker, U.S., Inc., 737 F.2d 779, 783 (8th Cir. 1984)).

Having reviewed the instructions submitted by the court to the jury regarding Plaintiff's civil rights claim together with Defendant's proffered instructions, the court finds that the instructions when taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately stated the applicable law and correctly applied it to the evidence submitted. See LaRo, 824 F.2d at 690. Further, the instructions fairly and adequately submitted the issues in this case to the jury. See

Horstmyer, 151 F.3d at 771; Cross, 142 F.3d at 1067. The court finds, therefore, that Defendant's Motion for Judgment Notwithstanding the Verdict or for New Trial based on his allegation that the court erred in regard to Defendant's proffered instruction should be denied.

Defendant's Point 6 - The Trial Court Erred in Sustaining Plaintiff's Objection to Opinion Testimony of Hazelwood Police Lieutenant McKenna:

Lieutenant McKenna closed his testimony with a statement that everything Defendant did was correct. First, to the extent Lieutenant McKenna's testimony regarding the correctness of Defendant's conduct was an opinion, he was not endorsed or qualified as an expert. To the extent that Lieutenant McKenna's testimony regarding the correctness of Defendant's conduct was a legal conclusion, such a conclusion is for the court to make. See Peterson v. City of Plymouth, 60 F.3d 469, 475 (8th Cir. 1995) (ordering a new trial where an expert improperly testified regarding the reasonableness of an officer's conduct in view of nationally accepted standards). Second, the court had determined that there was a genuine issue of material fact in regard to the facts relevant to whether Defendant's conduct was reasonable. These facts were to be determined by the jury. Lieutenant McKenna's testimony regarding the correctness of Defendant's conduct would not assist the jury in making such a determination. See id. Third, a trial court is afforded broad discretion in regard to the admission of testimony. LaRo Corp., 824 F.2d at 690. As such, the court finds that Defendant's Motion for Judgment Notwithstanding the Verdict or For New Trial based on the court's sustaining Plaintiff's objection to Lieutenant McKenna's testimony regarding the correctness of Defendant's actions should be denied.

Defendant's Point #7 - The Trial Court Erred in Failing to Enter Judgment as a Matter of Law in Favor of Defendant:

A motion for judgment as a matter of law presents a legal question to the trial court: whether

there is sufficient evidence to support a jury verdict. Hyatt v. Robb, 114 F.3d 708, 711 (8th Cir. 1997). The court's review of the jury's verdict is extremely deferential and the court cannot grant the motion unless the court concludes that no reasonable juror could have returned a verdict for the non-moving party. Morse v. S. Union Co., 174 F.3d 917, 922 (8th Cir. 1999); Denesha, 161 F.3d at 497; Cross, 142 F.3d at 1066. In considering Defendant's allegation that the court erred by not granting his motion for judgment as a matter of law this court must: (1) consider the evidence in the light most favorable to Plaintiff; (2) assume all conflicts in the evidence were resolved in Plaintiff's favor; (3) assume Plaintiff proved all facts that his evidence tended to prove; and (4) give Plaintiff the benefit of all favorable inferences that reasonably may be drawn from the proven facts. Morse, 174 F.3d at 922; Denesha, 161 F.3d at 497; Cross, 142 F.3d at 1066. In order to prevail on a motion for judgment as a matter of law, a defendant "has the difficult task of demonstrating that all the evidence points in [his] direction and is susceptible of no reasonable interpretation sustaining [the plaintiff's] position." Morse, 174 F.3d at 922. See also Butler v. French, 83 F.3d 942, 943 (8th Cir. 1996); White v. Pence, 961 F.2d 776, 779 (8th Cir. 1992).

Pursuant to Rule 50 of the Federal Rules of Civil Procedure Defendant alleges that the court erred in failing to enter judgment as a matter of law in his favor at the close of all evidence and at the close of Plaintiff's case. In particular, Defendant contends that the court erred in this regard because he was entitled to qualified immunity from liability to Plaintiff because the circumstances revealed that Defendant did not violate a clearly established constitutional right of Plaintiff of which a reasonable police officer in the position of Defendant would have been aware. As stated above, this court's prior Memorandum Opinion denied Defendant's Motion for Summary Judgment based on qualified immunity and identified issues of material fact in this regard. At trial the parties presented

12

evidence addressing whether a reasonable police officer in Defendant's position would have been aware that Plaintiff's constitutional rights were violated. Pursuant to the court's instruction the jury found that evidence to be credible and rendered judgment in favor of Plaintiff. Clearly, considering all of the evidence at trial in the light most favorable to Plaintiff, it is impossible for the court to find that *all* of the evidence points in favor of Defendant and is susceptible of no other reasonable inference which would sustain Plaintiff's position. See Morse, 174 F.3d at 922; French, 83 F.3d at 943; White, 961 F.2d at 779. The court finds, therefore, that the court did not err in denying Defendant's motion for judgment as a matter of law at the close of plaintiff's case and at the close of all evidence. As such, the court finds that Defendant's Motion for Judgment Notwithstanding the Verdict or For New Trial in this regard should be denied.

## CONCLUSION

In summary, the court finds there is no basis upon which to grant Defendant's Motion for Judgment Notwithstanding the Verdict or For New Trial and that, therefore, the Motion should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment Notwithstanding the Verdict or For New Trial is **DENIED**. Doc. 68.

Dated this 14th day of April, 2008.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE